UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MEDICINE, P.C.,

          Plaintiff,                        Case No. 21-cv-11350

v.                                     Hon. Matthew F. Leitman

XAVIER BECERRA, in his official
capacity as Secretary of the U.S. Department
of Health and Human Services,

          Defendant.

_____/

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 14), (2) DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(ECF No. 13), AND (3) REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

Plaintiff General Medicine, P.C. provides healthcare services to patients enrolled in Medicare. In 2010, the Centers for Medicare and Medicaid Services ("CMS") determined that Medicare had overpaid General Medicine by approximately $800,000 for services that General Medicine provided to Medicare patients in Louisiana. General Medicine then filed an administrative appeal of CMS' overpayment determination. An Administrative Law Judge (the "ALJ") held a hearing on that appeal and ultimately remanded the matter to a Qualified Independent Contractor ("QIC") for additional review. The QIC reduced the overpayment amount on remand and communicated that determination to the ALJ.

1

The ALJ took no action on General Medicine's appeal for two years.  Then, in 2013, the ALJ sent General Medicine a letter stating that General Medicine was not entitled to a hearing because its request for hearing had not been accompanied by proof that it had been served on the Medicare patients who received the services at issue.  The ALJ's position was puzzling given that (1) the ALJ had not identified any deficiencies in General Medicine's request for hearing when it was first filed three years earlier and (2) the ALJ had actually held a hearing based upon General Medicine's now purportedly-deficient request for hearing.

In the same letter, the ALJ informed General Medicine that its request for hearing "may be dismissed" if it failed to provide proof that it served that request on the patients within sixty days.  But she did not cite any authority for that proposition.

At the conclusion of her letter, the ALJ said that General Medicine could present "any questions" it may have.  One week later, General Medicine sent the ALJ a thoughtful letter in which it raised a number of reasonable questions concerning the ALJ's position.  General Medicine asked, for instance, (1) whether it was appropriate for the ALJ to raise the service issue several years into the proceedings and after the ALJ had already begun the hearing on its appeal and (2) whether the governing regulations actually required service of the request for hearing on the Medicare patients.

2

Even though the ALJ said that General Medicine could raise "any questions," she did not respond to General Medicine's questions for three years. Then, in 2016, she issued an order dismissing General Medicine's request for hearing on the ground that General Medicine failed to serve the request on the Medicare patients within the sixty-day time frame set forth in her 2013 letter. That ruling effectively dismissed General Medicine's appeal of the overpayment determination.

General Medicine then sought review of the ALJ's dismissal order with the Medicare Appeals Council (the "MAC"). The MAC denied review. The MAC acknowledged the ALJ's significant delay in first raising the lack of service issue and in dismissing General Medicine's request for hearing based upon the lack of service. Moreover, the MAC acknowledged that the regulations in effect at the time of General Medicine's appeal did *not* authorize the ALJ to dismiss General Medicine's request for hearing as a sanction for General Medicine's failure to serve the request. Nonetheless, the MAC found dismissal "appropriate," and it "disagree[d]" with General Medicine's contention that the ALJ's handling of the request for hearing "was unreasonable and prejudicial."

The MAC's decision is tainted by two distinct errors. First, the MAC failed to identify a lawful basis for its conclusion that dismissal of General Medicine's request for hearing was an "appropriate" sanction for General Medicine's failure to serve the hearing request. As the MAC correctly acknowledged, the governing

3

regulations did not authorize dismissal as a sanction for non-service.  In fact, those regulations identified a *different* consequence for an appealing party's failure to serve its request for hearing on all parties.  And the MAC did not cite any legal authority suggesting that dismissal was an appropriate sanction.  Indeed, the MAC's reasons justifying dismissal of General Medicine's hearing request are so weak that the Defendant in this action has felt the need to supply new reasons supporting dismissal.  But it is well-settled that the Court may not affirm the MAC's decision on grounds not given by the MAC.  Moreover, as explained below, Defendant's arguments conflict in some respects with the reason given by the MAC.  On this record, the MAC's decision that dismissal was an appropriate sanction for General Medicine's lack of service was an error of law.

In addition, the MAC's finding that General Medicine did not suffer unfair prejudice at the hands of the ALJ is not supported by substantial evidence.  The ALJ caused General Medicine serious prejudice when she (1) said that General Medicine could ask "any questions," (2) did not respond to General Medicine's questions, and (3) then dismissed General Medicine's request for hearing three years later – long after the period for serving the Medicare patients had expired.  And the five years of total delay attributable to the ALJ certainly constitutes prejudice.  Under these unique circumstances, the MAC's conclusion that General Medicine did not suffer unfair prejudice is not supported by the record.

Accordingly, for the reasons explained below, the Court **GRANTS** General

Medicine's motion for summary judgment (ECF No. 14), **DENIES** the motion for

summary judgment by Defendant Secretary of Health and Human Services Xavier

Becerra (ECF No. 13), and **REMANDS** this action for further administrative

proceedings consistent with this order.

# I

Before addressing the facts of this case, it is helpful to review the Medicare

audit and appeal procedures that were employed in this case. In *General Medicine,*

*P.C. v. Azar*, 963 F.3d 516 (6th Cir. 2020), the Sixth Circuit provided the following

helpful summary of these procedures:

> Medicare is a federally subsidized health insurance for
> the elderly and those with disabilities. 42 U.S.C. §
> 1395 *et seq.* The Secretary of the U.S. Department of
> Health and Human Services ("Secretary") acts through
> the Centers for Medicare and Medicaid Services
> ("CMS") to administer Medicare. *Id.* § 1395hh(a)(1).
> CMS contracts with private entities, known as Medicare
> Administrative Contractors ("CMS contractors"), to help
> administer the program, including investigating fraud
> and abuse. *Id.* §§ 1395kk-1, 1395ddd.
>
> CMS contractors may conduct a post-payment audit of
> providers to ensure that the Medicare services that
> providers are billing are medically necessary and meet
> the requirements of the Medicare program. *See id.* §
> 1395ddd(b). In a post-payment audit CMS contractors
> review a random sample of a provider's Medicare
> claims. *See id.* § 1395ddd(f)(4). CMS contractors will
> review the records and then calculate an error rate based
> on the review. If there is a sustained or high level of

payment error, the CMS contractor will extrapolate that error rate over the provider's total Medicare claims to determine a total amount of overpayment. *See id.* § 1395ddd(f)(3).

If a provider objects to the CMS contractor's overpayment determination, there are four levels of administrative review that the provider can pursue: (1) redetermination by the Medicare Administrative Contractor; (2) reconsideration by a Qualified Independent Contractor; (3) a hearing before an Administrative Law Judge; and (4) review of the Administrative Law Judge's decision by the Medicare Appeals Council. *See id.* § 1395ff; 42 C.F.R. §§ 405.900– 405.1140. After exhausting all four levels of administrative review, the provider can seek judicial review in a federal district court. 42 U.S.C. § 1395ff(b)(1)(A).

*Id.* at 518-19.

## II

### A

General Medicine is "a post-hospitalist company that employs board-certified physicians and nurse practitioners who specialize in the care of patients residing in post-acute, long-term care and assisted living facilities." (First Am. Compl. at ¶7, ECF No. 9, PageID.99.)   Many of these patients are insured by Medicare.   As Medicare participants, these patients do not pay General Medicine directly for the services provided by General Medicine.   Instead, these patients assign to General Medicine the right to payment from Medicare. *See* 42 C.F.R. § 424.55.   General

Medicine then submits claims for payment directly to Medicare, and Medicare pays General Medicine directly for those services. *See* 42 U.S.C. § 424.55(a).

B

"In 2010, the Centers for Medicare and Medicaid Services (CMS) conducted a post-payment audit of claims submitted by [General Medicine] to Medicare for payment for services rendered to patients covered by Medicare." (First Am. Compl. at ¶8, ECF No. 9, PageID.99.)  These claims related to services General Medicine had provided to patients in Louisiana "in the months before, during and immediately after the disaster of Hurricane Katrina." (*Id.* at ¶10, PageID.99.)  "CMS selected 90 claims at random and determined that [General Medicine] had been overpaid on most of the claims." (*Id.* at ¶11, PageID.99.)  "CMS then extrapolated the statistical sampling of the overpaid claims which resulted in an overpayment demand amount of $804,653.00." (*Id.* at ¶12, PageID.99–100; *see also* Admin. R., ECF No. 11, PageID.238.)

C

General Medicine denied that it had been overpaid for the services it provided. It then filed an administrative appeal of CMS' overpayment determination.  As part of that appeal, on November 10, 2010, General Medicine filed a request for hearing before the ALJ. (*See* First Am. Compl. at ¶13, PageID.100; *see also* Admin R., ECF

7

No. 11, PageID.838.)  General Medicine did not submit with that request proof that it had served the request upon the patients who had received the services in question.

On August 11, 2011, the ALJ held a pre-hearing conference "to discuss several procedural issues" related to General Medicine's request for hearing. (*Id.*, PageID.201.)  The conference lasted almost thirty minutes.  During that time, the ALJ did not say anything about a lack of proof in the record that General Medicine had served its request for hearing on the patients who had received the services in question. (*See* 8/11/2011 Conf. Tr., Admin R., ECF No. 11-1, PageID.1778–1794.) Nor did the ALJ suggest that General Medicine's right to a hearing was contingent upon General Medicine submitting proof that it had served those patients with its request for hearing. (*See id.*)

## D

Even though the record did not contain evidence that General Medicine had served its request for hearing on its patients, on September 1, 2011, the ALJ held a hearing on General Medicine's appeal of the overpayment determination.[1] (*See* 9/1/2011 Hr'g Tr., Admin R., ECF No. 11-1, PageID.1795–1969.)  During the course of nearly six hours, the ALJ heard argument from the parties and testimony from three witnesses. (*See id.*)  Following the hearing, the ALJ remanded General

---

[1] At this hearing, the ALJ heard argument related to several different overpayment disputes General Medicine had raised that had been consolidated into a single appeal and hearing.

Medicine's appeal to a QIC for further review of some of the claims in question. (*See* Admin R., ECF No. 11, PageID.201, 518–524.)  On remand, the QIC revised the amount of the purported overpayment to General Medicine; it determined that General Medicine was only overpaid by $599,606. (*See id.*, PageID.476.)  The QIC communicated this finding to the ALJ on December 5, 2011. (*See id.*, PageID.470.)

E

The ALJ did not take any action on General Medicine's appeal for two years. Her next move came on December 5, 2013.  That day, she sent a letter to General Medicine concerning the status of the matter.  She began by informing General Medicine that "[t]he Office of Medicare Hearings and Appeals received [its] Request for an Administrative Law Judge (ALJ) Hearing for services, items, and/or supplies provided to multiple beneficiaries […]." (*Id.*, PageID.376.)  It is not clear why the ALJ felt the need to acknowledge receipt of General Medicine's request for hearing. The Office of Medicare Hearings and Appeals had received that request over two years earlier, and, as noted above, the ALJ had already held a six-hour hearing in the case (after which, as also noted above, she remanded the case to the QIC).

The ALJ next said that she would not convene a post-remand hearing on General Medicine's appeal at that time because General Medicine's request for hearing did "not meet all of the requirements" set forth in the governing federal regulations. (*Id.*)  More specifically, the ALJ noted that the governing regulations

9

required General Medicine to serve its request for hearing on all other "parties" (*id.*, PageID.377, citing 42 C.F.R. § 405.1014(b)(2)), and she took the position that the patients to whom General Medicine had provided the services in question were "parties" who had to be served with the request. (*Id.*) She then observed that "there was no evidence in the record that [General Medicine], in fact, sent a copy of the request for hearing to each patient." (*Id.*) For that reason, she refused to proceed with the hearing. Given that she had previously held a six-hour hearing on General Medicine's appeal, it was not clear why the ALJ then decided that the lack of service of the request for hearing somehow precluded her from holding a hearing.

The ALJ then noted that the governing regulations identified a consequence for General Medicine's failure to serve its request for hearing on the patients. That failure "'toll[ed] the ALJ's 90 calendar adjudication deadline until all parties to the [request for hearing] receive notice of the requested ALJ hearing.'" (*Id.*, quoting 42 C.F.R. § 1014(b)(2).) In other words, "[t]he 90-day period for acting on [General Medicine's] appeal [would] not start until the ALJ received proof that [General Medicine] sent a copy of [its] request for hearing to all parties." (*Id.*, citing 42 C.F.R. §§ 405.1016(a) and 405.1014(b)(2).)

Next, even though the regulations identified this tolling period as the sole consequence for a failure of service, the ALJ said that General Medicine could face an additional sanction for not serving the patients. She told General Medicine that

if it did not provide proof that it served its request for hearing on the patients within sixty days, then its request for hearing "may be dismissed." (*Id.*)  The ALJ did not identify any authority – statutory, regulatory, or otherwise – as support for her assertion that a request for hearing could be dismissed for lack of service.

Finally, the ALJ said that "[s]hould [General Medicine] have *any questions*, [it] may call the Office of Medicare Hearings and Appeals." (*Id.; emphasis added.*) The phone number she provided matched the phone number on her letterhead. (*See id.*) She also provided her fax number and mailing address. (*See id.*)

### F

General Medicine did have questions, and it promptly presented them to the ALJ. One week after it received the ALJ's letter, and well within the sixty-day time period to serve its patients with the request for hearing, General Medicine's counsel faxed a letter to the ALJ. (*See* General Medicine Ltr., ECF No. 9-4.)  In that letter, General Medicine questioned why the ALJ was raising the service issue at that point in the proceedings.  General Medicine reminded the ALJ that she "ha[d] already … held" a hearing in the matter a couple of years earlier and that she had previously "made no mention" of a lack of service on the patients. (*Id.*, PageID.124.)  General Medicine then noted that that it had not filed a new request for hearing, that the matter was back before the ALJ following remand, and that any lack of service of the original request for hearing was "now moot." (*Id.*)

General Medicine also questioned the ALJ's contention that the governing regulations required General Medicine to serve the patients with the request for hearing.  General Medicine contended that it had no obligation to serve the patients because they were not "parties" to General Medicine's appeal proceedings. (*Id.*, PageID.122-124.)  In support of that contention, General Medicine highlighted that the QIC did not serve its decision on the patients, as the QIC would have been required to do if, as the ALJ contended, the patients were "parties." (*Id.*, PageID.123.)  General Medicine further cited an administrative decision of the MAC in another appeal in which the MAC ruled that General Medicine was not obligated to serve a request for hearing on its patients. (*See id.*, PageID.123-124, citing *In re General Medicine*, *P.C.*, ALJ Appeal Number 1-182479221.)

General Medicine added that any requirement to serve the patients would be futile at that point. (*See id.*, PageID.124.)  General Medicine explained that it had provided the services to the patients in nursing home facilities 7–9 years ago and that it was "unknown how many of them, if any, still reside [in those facilities] or are even alive." (*Id.*)

Finally, General Medicine asked the ALJ to promptly advise if the ALJ found its arguments unpersuasive and/or if the ALJ would be persisting in the direction that General Medicine serve its request for hearing on the patients:

> We hope that this letter will suffice and no further action
> will be necessary to address this issue.  If the Court does
> not find this response to be sufficient, please advise
> immediately.

(*Id.*, PageID.125.)

## G

Even though the ALJ said that General Medicine could present "any questions," the ALJ did not respond to General Medicine's letter before the sixty-day deadline for service of the request for hearing had expired.  In fact, she took no action on General Medicine's appeal for nearly three years.

Then, on September 28, 2016, the ALJ issued an order dismissing General Medicine's request for hearing (the "ALJ Dismissal Order"). (*See* ALJ Dismissal Order, ECF No. 9-5.)  In the ALJ Dismissal Order, the ALJ first recounted the procedural history of the case. (*See id.*, PageID.156–157.)  She then rejected General Medicine's argument that the patients to whom General Medicine had provided services were not "parties" to General Medicine's administrative appeal. (*See id.*, PageID.158.)  She concluded that "the 73 beneficiaries in this case are parties as defined by 42 C.F.R. § 405.906 and as such, the beneficiaries are entitled to receive a copy of the request for hearing submitted by the [General Medicine]." (*Id.*)

The ALJ next turned to General Medicine's argument that she had raised concerns about service too late in the proceedings and years after she held her initial hearing on General Medicine's appeal. She was "not persuaded" by those arguments:

> Furthermore, the undersigned is not persuaded by [General Medicine's] concerns regarding this jurisdictional issue being raised at this point in the proceedings when a hearing has already been held in this appeal before the remand. Although the [MAC] has acknowledged similar arguments, the [MAC] has found that 'the ALJ must retain continuing authority' to dismiss a case for jurisdictional reasons or other deficiencies if the hearing request is not properly before the ALJ.' Thus the undersigned is not barred from dismissing a request for hearing solely because she has previously remanded the case to the QIC or held a hearing.

(*Id.*)   Apart from citing a previous decision of the MAC – which the ALJ acknowledged had "no precedential value" (*Id.*, n. 6) – the ALJ again did not cite any statute or rule that expressly authorized her to dismiss General Medicine's request for hearing for failing to serve the hearing request on its patients.

Finally, the ALJ concluded that because General Medicine was required to serve its patients with a copy of the request for hearing, and because General Medicine did not complete such service even after being given an opportunity to do, its hearing request must be dismissed:

> Thus, in order to fully comply with the regulation to copy all parties on the request for hearing, an appellant is required to provide a copy of the request to each party.

14

The appellant must demonstrate, in some way that it sent a copy of the hearing request to the beneficiary, either with the initial filing, or in response to an inquiry subsequent inquiry by the undersigned. The undersigned notified [General Medicine] through Counsel, of the specific defect, provided [General Medicine] a reasonable time and opportunity to cure it, and notified [General Medicine] about the possibility of dismissal; however, [General Medicine] still failed to provide proof to the undersigned that it provided a copy of the request for hearing to each beneficiary. Pursuant to 42 C.F.R. §405.1014(b), it is the appellant's burden to provide the required notice to the other parties. After a careful review of the record, the undersigned finds that there is no indication that [General Medicine] provided a copy of the request for hearing to each beneficiary. Because [General Medicine] has not provided the required notice to the other parties, the undersigned finds that [General Medicine] has failed to perfect the request for review. Therefore, in accordance with 42 C.F.R. § 405.1052(a)(3), [General Medicine's] request for review for QIC appeal number 1-644422811, is hereby **DISMISSED.** The QIC's decision remains the final determination in this case.

(*Id.*, PageID.159; internal footnotes omitted).

## H

General Medicine sought administrative review of the ALJ Dismissal Order with the MAC. The MAC denied review in a written order dated May 7, 2021 (the "MAC Final Decision"). (*See* MAC Final Decision, ECF No. 9-2.) In the MAC Final Decision, the MAC acknowledged that (1) "the regulations at 42 C.F.R. § 405.1052(a) (as amended eff. Jan. 8, 2010) list the grounds on which an ALJ may dismiss a request for hearing" and (2) those regulations *did not* authorize the ALJ to

dismiss General Medicine's request for hearing for failing to serve its patients with the hearing request. (*Id.*, PageID.109.)  Indeed, the MAC made clear that it was "not constru[ing] the regulations […] by themselves, as bases for dismissing a request for hearing, under the version of the regulations in effect on the date [General Medicine] filed its request for hearing." (*Id.*)

The MAC further acknowledged that the governing regulations identified a single consequence for a failure to serve all parties with the request for hearing: namely, that that failure would "toll the ALJ's 90-day adjudication deadline until all parties receive notice of the requested ALJ hearing." (*Id.*)  Nonetheless, the MAC concluded that dismissing a request for hearing is "appropriate if [an] appellant [like General Medicine], when informed that he or she he has not complied with 42 C.F.R. §§ 1014(b)(2), does not provide proof that a copy of the request was sent to all parties." (*Id.*)  The MAC did not identify any regulation or statute that existed at the time General Medicine filed its initial request for hearing as authorizing such a dismissal.   Instead, the MAC pointed out that "[t]he *current* version of the regulations [adopted *after* General Medicine filed its request for hearing] state explicitly that an incomplete hearing request will be dismissed." (*Id.*; emphasis added.)

Finally, the MAC addressed General Medicine's contention that it suffered prejudice from the ALJ's handling of its appeal. (*See id.*, PageID.110.) The MAC "acknowledge[d] that there was a significant passage of time between the original request for hearing or the hearing itself, the notice of deficiency, and the ultimate dismissal." (*Id.*) But the MAC "disagree[d] that this delay was unreasonable and prejudicial." (*Id.*) Accordingly, the MAC found that "the ALJ acted within her discretion by dismissing [General Medicine's] hearing request," and it "den[ied] [General Medicine's] request for review." (*Id.*)

### III

General Medicine filed this action on June 9, 2021. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 9.) In its Amended Complaint, General Medicine seeks "judicial review" of the MAC Final Decision pursuant to 42 U.S.C. § 405(g). (*Id.* at ¶27, PageID.104.) That provision allows a party to seek judicial review of any "final decision" of the Secretary of Health and Human Services. 42 U.S.C. § 405(g). *See also* 42 U.S.C. § 1395ff(b)(1)(A).

The parties have now filed cross-motions for summary judgment on the administrative record. (*See* Mots., ECF Nos. 13, 14.) The Court held an in-person hearing on the motions on June 6, 2022.

**IV**

The Court's review is limited to determining whether "the administrative ruling was supported by substantial evidence and whether proper legal standards were employed." *General Medicine*, 963 F.3d at 520 (internal citation and punctuation omitted). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*[2]

**V**

In the parties' briefing and oral arguments to the Court, the parties addressed at length the question of whether General Medicine's patients should be deemed "parties" to General Medicine's administrative appeal such that General Medicine was required to serve them with its request for hearing. But the Court has concluded

---

[2] The Court applies the standard of review set forth above because that is the same standard that the Sixth Circuit applied in a recent, similar case. *See General Medicine,* 963 F.3d at 520. However, the Court notes that the Supreme Court's decision in *Smith v. Berryhill*, 139 S.Ct. 1765 (2019), appears to suggest that a different standard of review may apply here. In *Smith*, the Supreme Court explained that where, as here, a party seeks review of a *procedural* ruling of an administrative appeals council, "the standard of review [is] abuse of discretion as to the overall conclusion, and substantial evidence as to any fact." *Smith*, 139 S.Ct. at 1779 n. 19. Under *Smith*, the Court's task may be to determine whether the MAC's "overall conclusion" – *i.e.*, its decision to leave in place the ALJ's dismissal of General Medicine's request for hearing – was an abuse of discretion. However, the Court need not decide whether *Smith* controls here because the Court's decision would be the same even if *Smith* governs. Under *Smith*, the Court would find that the MAC abused its discretion and would do so for the same reasons that the Court finds that the MAC's decision is not supported by substantial evidence.

that it need not determine whether the patients were "parties" to General Medicine's appeal and whether General Medicine was thus obligated to serve them with its request for hearing.   For the reasons explained below, even if the patients were "parties" and even if General Medicine was obligated to serve them with its request for hearing, General Medicine's failure to serve the patients did not warrant dismissal of its request for hearing.

## VI

The MAC failed to identify any lawful basis supporting the dismissal of General Medicine's request for hearing as a sanction for its failure to serve the request on its patients.   As the MAC correctly acknowledged, the regulations in place at the time of General Medicine's administrative appeal did *not* provide for dismissal as a sanction for the failure to serve all parties with a copy of the request for hearing. (*See* MAC Final Decision, ECF No. 9-2, PageID.109.)   On the contrary, as explained above, those regulations identified a *different* consequence for an appealing party's failure to serve its request for hearing on all other parties: "The appellant must also send a copy of the request for hearing to the other parties. Failure to do so will toll the ALJ's 90 calendar day adjudication deadline until all parties to the QIC reconsideration receive notice of the requested ALJ hearing." 42 C.F.R. 405.1014(b)(2) (as amended eff. Jan. 8, 2010).

Even though the governing regulation identified a consequence *other than* dismissal as a permissible sanction for failure to complete service, the MAC concluded that dismissal of General Medicine's hearing request for lack of service was nonetheless "appropriate" because the ALJ gave General Medicine an opportunity to complete service before dismissing its request for hearing. The MAC seemed to conclude that dismissal under these circumstances was not unfair or inequitable. But the MAC did not cite any legal authority or recognized legal doctrine as support for its apparent conclusion that dismissal is appropriate – even if not authorized by the controlling regulations – so long as it does not seem unfair. Simply put, the MAC failed to identify any recognized legal authority or rules that provided support for its decision that dismissal was an authorized and/or proper remedy here.[3]

---

[3] The recent amendments to the governing regulations suggest that the ALJ did not have the authority to dismiss General Medicine's request for hearing as a sanction for its failure of service. As noted above, in 2019, the Department of Health and Human Services ("HHS") amended the regulations so that they now provide, for the first time, that a request for hearing "will be dismissed" if the appealing party fails to establish, among other things, that it served all parties with the request. 42 C.F.R. § 405.1014(b)(1) (as amended eff. July 8, 2019). That HHS felt the need to add dismissal as a sanction for a failure of service suggests that the regulations in effect prior to the amendment – *i.e.*, those in effect at the time of General Medicine's appeal – did not allow for dismissal as a sanction. In any event, as explained above, the MAC failed to identify any authority supporting its determination that dismissal was an appropriate sanction.

Before this Court, Defendant attempts to defend the MAC's decision on grounds not stated by the MAC. First, in direct contradiction to the MAC's concession that the governing regulations, standing alone, did not authorize dismissal of General Medicine's request for hearing, Defendant contends that the regulations did authorize that sanction. (*See* Def's. Resp. Br., ECF No. 16, PageID.3533–3534.) Second, Defendant contends that even if the regulations did not authorize dismissal, the dismissal of General Medicine's hearing request for lack of service on its patients was a proper exercise of the ALJ's inherent "authority to manage [her] own docket." (*Id.*, PageID.3535.) Defendant further highlights that "in another case," the MAC "observed" that dismissal for failure to serve all parties is appropriate because "[n]o tribunal could function efficiently if its dockets were perpetually cluttered with defective appeals.'" (*Id.*, citing *Good Samaritan Hosp.*, Dkt. No. M-13-3233, 2013 WL 8913157, at *4 (Sept. 18, 2013).) But while the MAC may have offered one these rationales supporting dismissal "in another case," it did not offer either of them in *this* case. And this Court "will not uphold a discretionary agency decision where the agency has offered a justification in court different from what it provided in its opinion." *Morgan Stanley Capital Group, Inc. v. Public Utility Dist. No. 1*, 554 U.S. 527, 544 (2008).[4]

---

[4] *See also Encino Motorcars v. Navarro*, 579 U.S. 211, 224 (2016) ("[W]e may not supply a reasoned basis for the agency's action that the agency itself has not given."); *Atrium Medical Center v. U.S. Dept. of Health and Human Serv.*, 766 F.3d 560, 568

For all of the reasons explained above, the MAC failed to identify a lawful basis for its conclusion that dismissal of General Medicine's request for hearing was a permissible sanction for General Medicine's failure to serve its patients with the request. Thus, the MAC Final Decision cannot stand.

## VII

Independently, the MAC's decision refusing to review the ALJ Dismissal Order cannot survive because the MAC's determination that General Medicine did not suffer unfair prejudice at the hands of the ALJ was not supported by substantial evidence.

The prejudice here was both obvious and outcome determinative. As described above, in the ALJ's letter to General Medicine in which she said that General Medicine's request for hearing may be dismissed if General Medicine did not serve its request for hearing within sixty days, she said General Medicine could raise "any questions." (Admin R., ECF No. 11, PageID.377.) And General Medicine did just that. One week later, General Medicine wrote to the ALJ and raised a number of reasonable and thoughtful questions concerning her letter. For instance (and explained in detail above in Section (II)(E)), General Medicine questioned why

---

(6th Cir. 2014) ("'The ground upon which an administrative order must be judged are those upon which the record discloses that its action was based,' and an agency cannot bolster its case with rationales offered post hoc.") (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

the ALJ was suggesting that service was a condition precedent to a hearing when the ALJ had already held a hearing on General Medicine's appeal without requiring a showing of service. (*See* General Medicine Ltr., ECF No. 9-4, PageID.124.)  General Medicine also reasonably questioned the ALJ's contention that the governing regulations required General Medicine to serve the patients with the request for hearing. (*See id.*, PageID.122-124.)    Finally, General Medicine cited an administrative decision of the MAC in an appeal General Medicine had filed in a different case in which the MAC ruled that General Medicine was not obligated to serve a request for hearing on its patients. (*See id.*, PageID. 123-124, citing *In re General Medicine, P.C.*, ALJ Appeal Number 1-182479221.)   General Medicine concluded its letter by asking the ALJ to promptly advise if the ALJ found its arguments unpersuasive and if the ALJ would be persisting in the direction that General Medicine serve its request for hearing on the patients:

> We hope that this letter will suffice and no further action will be necessary to address this issue.  If the Court does not find this response to be sufficient, please advise immediately.

(*Id.*, PageID.125.)

Despite saying that General Medicine could raise "any questions," the ALJ did not respond to General Medicine's questions within the sixty-day window she had provided General Medicine to serve its patients.  In fact, she did not respond to

General Medicine for almost three years.  And in her substantially delayed response, she dismissed General Medicine's request for hearing.  By that time, the sixty-day window for General Medicine to serve its patients had long since closed, and General Medicine had thereby lost its ability to keep its appeal alive.  Simply put, by failing to timely respond to reasonable questions that she said General Medicine could submit, the ALJ led General Medicine to lose its right to a hearing.[5]

Defendant counters that the ALJ's failure to respond within the sixty-day window for service did not unfairly prejudice General Medicine because even without a response, General Medicine could have and should have served its patients during that window.  Defendant argues, in essence, that General Medicine assumed the risk that its request for hearing would be dismissed when it chose to wait for the ALJ's answers to its questions rather than proceeding to serve its patients.  The Court disagrees.  Under the unique circumstances of this case, General Medicine's decision to hold off on service was reasonable.  Indeed, the ALJ said that General Medicine could submit "any questions," and in the face of such a statement, it was reasonable

---

[5] It may be that when the ALJ said that General Medicine could submit "any questions," she was referring only to logistical questions about how General Medicine could submit its proof of service.  But if that is what the ALJ meant, she did not make that clear.  Because the ALJ used the broad phrase "any questions" without any restrictions, it was reasonable for General Medicine to interpret the letter as allowing it to ask substantive questions about the ALJ's service demand – and that is precisely how General Medicine interpreted the "any questions" language in real time.

for General Medicine to assume that its request for hearing would not be dismissed unless and until (1) its promptly-submitted and appropriate questions were answered and (2) it was given a reasonable opportunity to complete service, if necessary, following its receipt of answers to its questions.[6]

For all of these reasons, the MAC's determination that General Medicine did not suffer unfair prejudice at the hands of the ALJ was not supported by substantial evidence and cannot stand.

## VIII

For all of the reasons explained above, the Court **GRANTS** General Medicine's motion for summary judgment (ECF No. 14) and **DENIES** the Defendant's motion for summary judgment (ECF No. 13).

The Court further **REMANDS** this action for further administrative proceedings consistent with this Order.

---

[6] The Court does not mean to suggest that it would have been reasonable for General Medicine to delay service if the ALJ had not said General Medicine could submit "any questions." Indeed, when a tribunal issues an unequivocal order, a party may not submit unsolicited questions to the tribunal and then claim that it had no obligation to comply with the tribunal's order unless and until it received answers to its questions. But where, as here, a judicial officer imposes an obligation upon a party and then says a party may submit "any questions," it is reasonable for that party, after promptly submitting reasonable questions, to delay compliance with the obligations imposed by the judicial officer until the officer responds to the questions in some form or fashion.

On remand, General Medicine's request for hearing may not be dismissed on the ground that General Medicine failed to provide proof that it served its patients with that request within the sixty-day window set forth by the ALJ in her letter dated December 5, 2013.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2022


I hereby certify that a copy of the foregoing   document was served upon the parties and/or counsel of record on July 19, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126